

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| GERALD DEAN DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:04-1711-HFF-JRM |
| | § | |
| PAULA A. BREWSTER, JOYCE L. HUFF, | § | |
| EDGAR GUTHRO, and TONY FISHER, | § | |
| of the Spartanburg Public Safety Dept., | § | |
| | § | |
| Defendants. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT

**I.     INTRODUCTION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, with state claims under 28 U.S.C. § 1367(a). The Plaintiff is proceeding *pro se*. This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (Report) made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) for the District of South Carolina.

**II.    MAGISTRATE'S REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

U.S. Magistrate Judge Joseph R. McCrorey filed a Report recommending that this Court grant Defendants' motion for summary judgment. In his Report, Judge McCrorey accepted Defendants' contentions that: (1) Defendant Fisher cannot be held vicariously liable under 42 U.S.C. § 1983 for failing to supervise or train his subordinates, (2) Defendants are entitled to qualified immunity because reasonable law enforcement officers in their position would have believed probable cause to arrest Plaintiff existed, and (3) Plaintiff's state claims should be dismissed based on 28 U.S.C. § 1367(c)(3) or, in the alternative, should be dismissed because Plaintiff has failed to produce proof to support his state claims. Plaintiff was apprised of his right to file objections to the Report, and he filed "Plaintiff's Objections to the Magistrate's Report and Recommendation" (Objections) with the Clerk of Court on August 16, 2005.

### III.    DISCUSSION

In light of the standard set out above, the Court has reviewed, *de novo,* the pleadings and supporting documentation in this case and finds that the Report is proper. Specifically, the Court finds that Defendants are entitled to qualified immunity. When analyzing whether qualified immunity exists with regard to a police officer's conduct, the Court will undertake a three-step inquiry. *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992). First, the right allegedly violated must be identified; second, the Court must determine whether the right was clearly established at the time of the alleged violation; and third, the Court must determine whether a reasonable person in the officer's position would have known that his actions violated the right. *Id.* In the instant case, as Defendants concede, the Fourth Amendment right to be free from arrests except those made on probable cause is clearly established and was established at the time of Plaintiff's arrest.

Defendants' Memorandum in Support of Motion for Summary Judgment (Defendants' Memorandum) at 12. Thus, questions one and two of the inquiry are answered, and the inquiry becomes whether a reasonable person in Defendants' position would have believed his actions violated that right. In answering this question, Defendants need not show that probable cause was, in fact, present. Rather, Defendants need only show that an officer reasonably could have believed there was probable cause to seek the warrant. *Hunter v. Bryant*, 502 U.S. 224, 226-27 (1991), *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987), *Torchinsky v. Siwinski*, 942 F.2d 257, 261 (4th Cir. 1991). "If the material facts and the reasonable inferences drawn from those facts disclose that a reasonable officer could have believed that his or her actions did not violate the clearly established right, the defendant is entitled to qualified immunity on summary judgment." *Smith v. Reddy*, 101 F.3d 351, 357 (4th Cir. 1996). Here, based on the evidence produced by Defendants in support of their motion for summary judgment, and for the reasons stated in the Magistrate's Report, an officer in the position of Defendants reasonably could have believed that probable cause existed.

In his Objections to the Magistrate's determination that probable cause existed, Plaintiff points to alleged inconsistencies in the evidence considered by Defendants when determining whether probable cause existed. These inconsistences, even if true, fail to overcome the fact that the remainder of Defendants' evidence supports a probable cause determination that Plaintiff committed the crime in question. The question of whether probable causes exists requires, after all, only a common sense determination by a police officer based on the totality of the evidence available. *See Illinois v. Gates*, 462 U.S. 213, 231-33 (1983). Here, the totality of the evidence available to Defendants supports the finding that a reasonable officer in Defendants' position would have believed that probable cause to arrest Plaintiff existed. *See* Magistrate's Report at 7-8. Plaintiff also alleges that an informant relied upon by Defendants to support their probable cause determination

was unreliable, yet Plaintiff offers no convincing evidence to support this contention. Finally, Plaintiff notes Defendant Brewster's affidavit supporting her application for an arrest warrant does not contain, in writing, the evidence used to support issuance of the warrant. Evidence used to support an application for an arrest warrant, however, need not appear within the four corners of the affidavit filed by the police officer. Instead, a magistrate "may consider sworn, unrecorded oral testimony in making probable cause determinations during warrant proceedings." *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994). Here, Defendant Brewster testified that she presented "all of the information available to my department, including the information contained in the police reports, cell phone records, and interviews with Travis Steadman" to the Magistrate in support of her warrant application. Exhibit 2, Defendants' Memorandum. Thus, the warrant was not "facially deficient" as alleged by Plaintiff. *See* Plaintiff's Objections at 4. Therefore, as Defendants have shown that a reasonable officer in Defendants' position would have believed that probable cause to arrest Plaintiff existed, Defendants are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claim.

Because the Court finds that Defendants are entitled to qualified immunity on Plaintiff's only federal claim, it finds that Plaintiff's state tort claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3) and it further finds that it need not specifically address other issues presented in Defendants' motion for summary judgment.[1]

It is therefore ordered that the Report, to the extent that it does not contradict this order, be accepted and incorporated herein, that Plaintiff's objections be overruled, and that Defendant's

---

[1] The Court has reviewed Plaintiff's remaining Objections, finds them to be without merit and overrules them.

motion for summary judgment be **GRANTED**. All remaining pending motions are rendered **MOOT**.

**IT IS SO ORDERED**.

Signed this 18th day of August, 2005 in Spartanburg, S.C.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.